IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISHMAEL VARGAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-554-R |
| | ) |
| DAVID MILLER, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered December 16, 2011 [Doc. No. 23] and Petitioner's Objections to the Supplemental Report and Recommendation filed March 5, 2012 [Doc. No. 28]. Petitioner in his Objections objects to all of the fact findings and legal conclusions of the Magistrate Judge in support of his recommendation that habeas relief on all grounds be denied. He also asserts that the Magistrate Judge failed to apply a liberal construction to Petitioner's pleadings, in particular to Petitioner's Petition as it relates to Ground 8 [Doc. No. 11] at pp. 16-20], Petitioner's Application for Post-Conviction Relief (Exhibit "3" to Doc. No. 1) and Petitioner's Reply to Respondent's Response [Doc. No. 22] with respect to Petitioner's eighth ground for relief herein, based upon the alleged ineffective assistance of Petitioner's appellate counsel in seven alleged ways. Petitioner asserts that the state court's decision on Petitioner's application for post-conviction relief was contrary to the "controlling federal standard," Objections at p. 5, because the failure of appellate counsel to raise a meritorious claim can establish ineffective assistance; and a court must examine the merits of an omitted issue to determine whether appellate counsel's assistance was ineffective. Thus, Petitioner asserts that

the state court's rejection of Petitioner's claim(s) for ineffective assistance of appellate counsel on the ground that "the mere failure to raise a meritorious claim does not, in itself, constitute deficient performance," Order Denying Application for Post-Conviction Relief (Exhibit "4" to Doc. No. 1) at p. 4, was erroneous as a matter of federal constitutional law. The Magistrate Judge's reliance on the Oklahoma Court of Criminal Appeals' decision, which Petitioner implies adopted the state district court's findings and conclusions, was therefore in error, according to Petitioner.

The Court reviews the Supplemental Report and Recommendation *de novo* in light of Petitioner's Objections. *See* 28 U.S.C. § 636(b)(1)(B). Petitioner offers no argument as to why or how any of the findings and conclusions of the Magistrate Judge on grounds one through seven are objectionable or wrong. In any event, however, the Court has carefully reviewed the findings and conclusions of the Magistrate Judge as to grounds for relief one through seven in light of the entire record herein and fully concurs in those findings and conclusions.

With respect to Petitioner's eighth ground for relief, the Magistrate Judge concluded that Petitioner had "not demonstrated that the OCCA's [Oklahoma Court of Criminal Appeal's] decision was contrary to or an unreasonable application of the controlling *Strickland* [*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] standard." Supplemental Report and Recommendation at p. 25. The Court agrees with this conclusion.

The OCCA did not adopt all of the findings and conclusions of the state district court pertaining to Petitioner's claim in his post-conviction application for ineffective assistance of appellate counsel. Rather, the OCCA stated as follows:

      In addressing Petitioner's eighth proposition urging that it was because of the ineffective assistance of his appellate counsel that these first seven claims were not raised or adequately presented on direct appeal, the District Court, *among other things*, found, "Petitioner presents no facts which this court could find that he was denied reasonable and effective assistance of appellate counsel "(O.R. 113). This Court FINDS no error in this conclusion.

> Order Affirming Denial of Post-Conviction Relief (Exhibit "4" to Doc. No. 1) at p. 2 (emphasis added).

Petitioner in his state court post-conviction proceeding failed to show that any of the claims or issues not raised on appeal were *meritorious* and thus that his appellate counsel's failure to raise those claims or issues fell below the level of objectively reasonable performance. Likewise, Petitioner has failed to show that herein and/or that the OCCA's conclusion was contrary to or an unreasonable application of Supreme Court precedent.

      In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Ishmael Vargas for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

      IT IS SO ORDERED this 8th day of March, 2012.

*[Signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE